# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 760 | **DATE** | 9/17/2003 |
| **CASE TITLE** | Ridge Chrysler Jeep et al vs. Daimlerchrysler Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendant's motion to dismiss Count II of plaintiffs' complaint [10-1] is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIDGE CHRYSLER JEEP, L.L.C., d/b/a MARQUETTE CHRYSLER JEEP AND SALES, INC., d/b/a DODGE OF MIDLOTHIAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC<br><br>Defendant. | Case No. 03 C 760<br><br>Wayne R. Andersen<br>District Judge<br><br>DOCKETED<br>SEP 2 3 2003 |

## MEMORANDUM ORDER AND OPINION

Plaintiffs Marquette Chrysler Jeep and Dodge of Midlothian filed a four count Complaint against Daimler Chrysler Services North America d/b/a Chrysler Financial ("Chrysler Financial"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Chrysler Financial has brought a Motion to Dismiss Count II of plaintiffs' Complaint. For the following reasons, the motion to dismiss is denied.

### BACKGROUND

For purposes of this motion, the following facts are taken as true. Plaintiffs are two Chrysler automobile dealerships. Plaintiffs have entered into certain financing agreements with Chrysler Financial under which Chrysler Financial has the option to take an assignment of retail installment contracts, subject to a standard credit check, that plaintiffs propose to enter into with their customers and thereafter sell to Chrysler Financial. In Count II of their Complaint, plaintiffs claim that Chrysler Financial has tortiously interfered with plaintiffs' business relations

75

with their customers by (1) refusing to provide financing, or offering unreasonably expensive financing, to creditworthy customers and (2) causing the dealerships to have to reduce their inventories of cars thereby causing plaintiffs to lose sales from prospective buyers.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## DISCUSSION

I.  <u>Plaintiffs Have Adequately Pled the Elements for Tortious Interference with Prospective Business Relations</u>

In its motion to dismiss, Chrysler Financial has asserted that Count II of plaintiffs' Complaint should be dismissed because it fails to state a claim for tortious interference with prospective business relations. We disagree. To state a claim under Illinois law for tortious interference with prospective business relations, a plaintiff must allege: (1) the plaintiff had a reasonable expectation of a valid business relationship; (2) the defendant knew about it; (3) the defendant intentionally and unjustifiably interfered with the relationship, causing a termination of

2

the relationship or the expectancy of any such relationship; and (4) the plaintiff suffered damages as a result. *Medline Indus., Inc. v. Maersk Med. Ltd.*, 230 F. Supp. 2d 857, 870 (N.D. Ill. 2002).

The factual allegations contained in plaintiffs' Complaint state a claim for tortious interference with prospective business relations. Plaintiffs have clearly alleged: (1) plaintiffs had a reasonable expectation that they would be able to sell cars to customers who applied for financing through Chrysler Financial; (2) Chrysler Financial knew about these business expectations yet (3) intentionally interfered with the potential sales by refusing to provide financing, or offering unreasonably expensive financing, to creditworthy customers and by causing the dealerships to have to reduce their inventories of cars; and (4) plaintiffs were damaged as a result of Chrysler Financial's actions. (Compl. at ¶¶ 163-172).

Chrysler Financial argues that plaintiffs have not sufficiently pled that its actions were directed toward any third party. However, the allegations of the Complaint clearly identify plaintiffs' customers as the third party and that Chrysler Financial's "interference was directed at plaintiffs' minority customers." (Compl. at ¶ 168). This allegation along with the allegations enumerated above, and more specifically in plaintiffs' Complaint, adequately allege the elements of a claim for tortious interference with business relations and are sufficient to withstand Chrysler Financial's motion to dismiss.

II. <u>Allegations of Breach of Contract May Also Serve as a Basis for a Claim of Tortious Interference</u>

Chrysler Financial also argues that Count II should be dismissed because plaintiffs have attempted to recast their claim for breach of contract into a claim for tortious interference with prospective business relations. Chrysler Financial suggests that its alleged refusal to provide

3

financing to plaintiffs' customers, if true, would be a breach of the financing agreements and not tortious interference with plaintiffs' relations with its potential customers. Again, we disagree.

Contrary to Chrysler Financial's argument, the basis of the allegations for tortious interference is not breach of the financing agreements. Instead, plaintiffs allege: "Defendant ... intentionally interfered with plaintiffs' business relations with such customers by intentionally refusing to approve financing, or by approving financing with unreasonable qualifications, such as unreasonably high interest rates or the requirement of unreasonably high down payments, for such customers who should have been eligible for low interest financing through Chrysler." (Compl. at ¶ 167).

Even if the alleged conduct may constitute breach of the financing agreements, it also may constitute, for purposes of this motion to dismiss, a basis for plaintiffs' tortious interference claim. *Medline Indus., Inc.*, 230 F. Supp. 2d at 870.

III. A Refusal to Lend Money to Third Parties May Constitute Tortious Interference

Chrysler Financial also argues that it cannot not be liable for tortious interference with business relations because its refusal to lend money cannot serve as a basis for such a claim. The law does not support this argument. Indeed, another judge of this Court has recognized that a lender can be liable for denying financing under circumstances similar to this case. In *Arlington Fin. Corp. v. Ben Franklin Bank*, 1999 WL 89567 (N.D. Ill. Feb. 16, 1999), the Court recognized that a lender has an obligation to act in good faith in determining whether to purchase a loan and its alleged refusal to purchase loans could serve as the basis for a claim of tortious interference. 1999 WL 89567, at *5.

The allegations in the Complaint set forth that plaintiffs had an expectation that Chrysler Financial would consider the retail credit applications of its customers on the basis of the creditworthiness of each application and, when Chrysler Financial refused to approve applications based on alleged discriminatory policies, such policies, if true, had the effect of interfering with plaintiffs' ability to sell cars. These allegations are sufficient to survive a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss Count II of plaintiffs' Complaint is denied.

Wayne R. Andersen
United States District Judge

Dated: September 17, 2003