UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
OCT 0 7 2004

| | |
|---|---|
| RIDGE CHRYSLER JEEP, L.L.C., d/b/a MARQUETTE CHRYSLER JEEP AND SALES, INC., d/b/a DODGE OF MIDLOTHIAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER SERVICES NORTH AMERICA, L.L.C.<br><br>Defendant/Counterclaim Plaintiff<br><br>v.<br><br>RIDGE CHRYSLER PLYMOUTH, LLC, d/b/a MARQUETTE CHRYSLER JEEP, ET AL | FILED<br>OCT - 5 2004<br>MAGISTRATE JUDGE ARLANDER KEYS<br>UNITED STATES DISTRICT COURT<br><br>Civil Action No. 03 C 00760<br><br>Judge Wayne Andersen<br><br>Magistrate Judge Arlander Keys |

## NOTICE OF EMERGENCY MOTION

TO:   Counsel of Record on Attached Service List

**PLEASE TAKE NOTICE** that on **October 6, 2004** at **9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned shall appear before the **Honorable Judge Arlander Keys** or any Judge sitting in his stead, in Room 2230, Dirksen Federal Building, Chicago, Illinois and move the Court pursuant to the attached: **Defendant's Emergency Motion For Sanctions.**

Eileen M. Letts

GREENE AND LETTS
Attorneys for Defendant
111 West Washington St., Suite 1650
Chicago, Illinois 60602
312/346-1100

## PROOF OF SERVICE

The undersigned hereby certifies that the above identified documents were served on the above-mentioned parties on _____.

(x)     by facsimile

(x)     by placing a copy of same in an envelope properly addressed and stamped and placing an envelope in a U.S. Mail Box at 111 West Washington Street, Chicago, Illinois.

 

                                                  Eileen M. Letts

GREENE AND LETTS
Attorneys for Defendant
111 West Washington Street
Suite 1650
Chicago, Illinois 60602
312/346-1100
X:\CHRYSLER\RIDGE 92-00001\PLEADING\notice-motion.doc

## Service List

Steven W. Berman
Steven C. Mitchell
Christopher A. O'Hara
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

William Hooks
HOOKS LAW OFFICES, PC
29 S. LaSalle, Suite 333
Chicago, IL 60603

Eugene Pincham
R. EUGENE PINCHAM, PC
9316 S. Michigan Ave.
Chicago, IL 60619

William J. Harte
Erik D. Gruber
WILLIAM J. HARTE, LTD.
111 W. Washington St.
Suite 1100
Chicago, IL 60602

James J. Roche
Michaela Stapleton-Corcoran
LeeAnn M. Crow
JAMES J. ROCHE & ASSOCIATES
642 North Dearborn Street
Chicago, IL 60610

Thomas R. Rakowski
THOMAS R. RAKOWSKI
One North Franklin Street
Suite 1200
Chicago, Illinois 60606

Robert L. Tucker, Esq.
ROBERT L. TUCKER & ASSOCIATES
111 W. Washington Street, Suite 1100
Chicago, Illinois 60602






IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIDGE CHRYSLER JEEP, L.L.C., d/b/a MARQUETTE CHRYSLER JEEP, and SALES, INC., d/b/a DODGE OF MIDLOTHIAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>RIDGE CHRYSLER PLYMOUTH, LLC, d/b/a MARQUETTE CHRYSLER JEEP, *et al.*,<br><br>Counterclaim Defendants. | Case No. 03C00760<br><br>Judge Wayne R. Andersen<br><br>Magistrate Arlander Keys |

## **DEFENDANT'S EMERGENCY MOTION FOR SANCTIONS**

COMES NOW Defendant DaimlerChrysler Services North America LLC, d/b/a Chrysler Financial ("Chrysler Financial"), and moves for sanctions against Plaintiffs Ridge Chrysler Jeep, L.L.C., d/b/a Marquette Chrysler Jeep ("Marquette"), and Sales, Inc., d/b/a Dodge of Midlothian ("Midlothian"). In support of its motion, Chrysler Financial states:

**I. Introduction**

1. Many months ago, Chrysler Financial asked Plaintiffs in a simple interrogatory to state their alleged damages. Chrysler Financial also requested Plaintiffs to produce documents concerning loan advances that Plaintiffs' owner, Gerald Gorman, has been receiving based on this lawsuit from a mysterious Las Vegas loan broker.





2.      Plaintiffs have failed to provide this discovery despite: (a) asking for and receiving several extensions of time from Chrysler Financial; (b) representing to the Court on August 13, 2004 that discovery responses would be forthcoming within a week thereafter; and (c) being ordered by the Court on September 24, 2004 to provide this discovery by no later than October 1, 2004, less than two and one-half months before the close of discovery in this case. Plaintiffs' inexplicable refusal to provide these basic discovery responses has hindered Chrysler Financial's preparation of its defense and Chrysler Financial's efforts to depose Plaintiffs' owner and primary witness, Gerald Gorman, about key issues in this case, most importantly the damages that Plaintiffs claim against Chrysler Financial. Mr. Gorman was initially deposed in this case on June 29-30, 2004 and, after numerous delays, his deposition in this case has been scheduled to resume this Thursday, October 7, 2004.

3.      As a result, the Court should sanction Plaintiffs by striking their pleadings or, at the very least, their damages allegations in their pleadings.

## II.     Chrysler Financial's Damages Interrogatory to Both Plaintiffs

4.      On June 7, 2004, Chrysler Financial served its second set of interrogatories—consisting of one damages interrogatory—on each of the plaintiffs. These interrogatories are attached hereto as Exhibit A (damages interrogatory to Midlothian) and Exhibit B (damages interrogatory to Marquette). The damages interrogatories ask:

> For each item of damages claimed by [Midlothian/Marquette], describe the item of damages and the actions by Chrysler Financial that caused that item of damages, provide a computation of the item of damages, identify all documents or other evidentiary material on which such computation of the item of damages is based, and state the name, last known address, and last known telephone number of each person known to you or believed by you to have knowledge of the item of damages.

5.      Under Federal Rule of Civil Procedure 33(b)(3), Plaintiffs had until July 5, 2004

2404683                                    2

to respond to Chrysler Financial's damages interrogatories. They failed to respond.

6. On July 9, 2004, Chris O'Hara, counsel for Plaintiffs, sent to Bill Bay, counsel for Chrysler Financial, an e-mail stating as follows: "Bill – I'm going to have to ask you for an extension on your last round of interrogatories. Hope that's not a problem. Chris." *See* Exhibit C. Chrysler Financial agreed to a short extension.

7. Over three weeks later, Plaintiffs had still failed to respond to Chrysler Financial's damages interrogatories. On August 2, 2004, Jeff Fink, counsel for Chrysler Financial, sent an e-mail to Mr. O'Hara (Plaintiffs' counsel) stating:

> Plaintiffs' answers to Chrysler Financial's second set of interrogatories are overdue. The interrogatories were served on June 7, 2004 and simply ask Plaintiffs about their claimed damages. We need answers to these interrogatories well in advance of resuming Mr. Gorman's deposition.

*See* Exhibit D.

8. On August 6, 2004, Mr. O'Hara responded by e-mail to Mr. Fink's August 2, 2004 e-mail. In that e-mail, Mr. O'Hara stated that he was "going to need a couple more weeks on the interrogatories but we'll try to get them to you in advance of the continued dep[osition of Gerald Gorman]." *See* Exhibit E.

9. Chrysler Financial again accommodated Plaintiffs' request for more time. Later that same day, on August 6, 2004, Mr. Fink responded by e-mail to Mr. O'Hara's August 6 e-mail, stating: "We have no problem with you ... taking two more weeks to answer our second set of interrogatories." *See* Exhibit F.

10. On August 13, 2004, the Court held a status conference. A true and accurate copy of the transcript of the August 13, 2004 status conference is attached hereto as Exhibit G. In the status conference, counsel for Chrysler Financial noted that the parties had agreed that Plaintiffs would have until August 20, 2004 in which to serve responses to the Second Set of

2404683

3

Interrogatories. Exhibit G, p. 3.

11. Plaintiffs again failed to serve responses to Chrysler Financial's damages interrogatories as the parties had agreed. On August 23, 2004, Mr. O'Hara sent an e-mail to Mr. Bay, stating: "I'm told that we still have not sent the outstanding discovery responses out the door to you yet and, while it sounds like they are getting close to completion, we will need some more time on this." *See* Exhibit H.

12. Instead of providing responses, Plaintiffs again asked for more time in which to serve responses to Chrysler Financial's damages interrogatories. This time, in a telephone conference between Mr. Bay and Mr. O'Hara on August 27, 2004, Chrysler Financial agreed to Plaintiffs' request that they have until the week of August 30 to serve responses to the damages interrogatories. Mr. Bay later faxed Mr. O'Hara a letter on September 17, 2004, a copy of which is attached hereto as Exhibit I, confirming this agreement. The letter also noted that Plaintiffs still had not served responses to the damages interrogatories. Jim Roche, counsel of record for Counterclaim Defendants Gerald Gorman and Elizabeth Gorman and de facto counsel for Plaintiffs, represented to Mr. Bay at that time that Plaintiffs would do so "immediately." Exhibit I, p. 4.

13. Plaintiffs yet again failed to respond to Chrysler Financial's damages interrogatories.

14. On September 24, 2004, the Court held another status conference, at which counsel for Chrysler Financial pointed out that Plaintiffs still had not served responses to the Second Set of Interrogatories. A true and accurate copy of the transcript from the September 24, 2004 status conference is attached hereto as Exhibit J. During the status conference, the Court stated that it was "certainly ... reasonable" for Plaintiffs to serve responses to the Second Set of

2404683

4

Interrogatories within seven days. Exhibit J, p. 5. To this end, the Court ordered that all outstanding discovery responses be served by October 1, 2004. A minute order was entered on September 24, 2004, a copy of which is attached hereto as Exhibit K.

15. On October 1, 2004, Chrysler Financial received Plaintiffs' Responses to Defendant's Second Set of Interrogatories Directed to Plaintiff Sales, Inc. and Plaintiff Ridge Chrysler Jeep, a true and accurate copy of which is attached hereto as Exhibit L. The answers are unverified and are patently deficient. They merely regurgitate the allegations of the Complaint virtually verbatim and do not come remotely close to answering Chrysler Financial's damages interrogatories. Specifically, Plaintiffs responses do not:

A. **"Provide a computation of the item of damages."** The responses contain no such computation. In fact, the responses do not so much as refer to a dollar amount for Plaintiffs' claimed damages. Rather, Plaintiffs claim that "the exact amount of damages ... are still being calculated and plaintiff will supplement this response in the near future to provide an accounting of the damages alleged by Plaintiff...."

B. **"Identify all documents or other evidentiary material on which such computation of the item of damages is based."** The responses fail to reference a single document or other piece of evidence. Instead, Plaintiffs claim that "documentation regarding" the calculation of damages will also be provided "in the near future."

C. **"Describe the item of damages."** Plaintiffs fail to describe specific items of damages. Instead, they merely state on a few occasions that they "lost sales" due to alleged actions by Chrysler Financial.

16. Plaintiffs have no excuse for their failure to answer a basic interrogatory, patterned after Rule 26(a), asking them what their damages are, how much their damages are,

how they calculated their damages, and what documents support their damages claim. Given Plaintiffs' apparently inability to specify their damages over twenty months since they filed this lawsuit in February 2003, they must have none and should not be allowed to pursue any damages claims against Chrysler Financial. The Court should strike Plaintiffs' damages allegations in their Complaint to sanction Plaintiffs for their inexcusable failure to comply with their discovery obligations.

### III. The Gorman Las Vegas Loan Documents

17. During his deposition on June 30, 2004, Gerald Gorman disclosed that he had been advanced approximately $350,000 by a Las Vegas company, whose name he could not remember, as a loan against any money Plaintiffs or Mr. Gorman might receive as part of a judgment or settlement in this case. Mr. Gorman further disclosed that he had signed written agreements with the unidentified company. Counsel for Chrysler Financial then requested on the record that Plaintiffs produce copies of the written agreement, as well as any documents, including e-mails and computer records, in the possession or control of Shawn Temple, who was Chief Financial Officer for Plaintiffs, relating to the agreement and the loans. Chris O'Hara, counsel for Plaintiffs, stated on the record that he would "see if [he] can get a copy of the agreement" and the file and that he would report back to counsel for Chrysler Financial on the subject. A true and accurate copy of pages 453 through 458 of the deposition transcript, which contain this discussion, is attached hereto as Exhibit M.

18. Over one month later, Plaintiffs had failed to provide copies of the Gorman Las Vegas loan documents. In the August 2, 2004 e-mail from Mr. Fink to Mr. O'Hara, which is attached here to as Exhibit D, Mr. Fink stated as follows:

> During Mr. Gorman's deposition, we asked for the agreements and other
> documents related to the payments that Mr. Gorman has been receiving from the

Las Vegas company in connection with the Ridge lawsuit. Please let us know when we can expect to receive these documents. We obviously will want them well in advance of resuming Mr. Gorman's deposition.

19. On August 6, 2004, Mr. O'Hara responded by e-mail to Mr. Fink's August 2, 2004 e-mail. *See* Exhibit F. Presumably describing, among other items, the Gorman Las Vegas loan documents, Mr. O'Hara stated: "I'll get back to you on the other matters raised by early next week." *Id.*, p. 1.

20. Chrysler Financial again accommodated Plaintiffs' request for more time concerning the Gorman Las Vegas loan documents. Later that same day, on August 6, 2004, Mr. Fink responded by e-mail to Mr. O'Hara's August 6 e-mail. Concerning the Gorman Las Vegas loan documents, Mr. Fink stated: "I would appreciate a response early next week as to Issue No. 3 in my e-mail below so that we can bring the issue to Judge Keys' attention at the status hearing set for next Friday, August 13, if necessary." Exhibit F, p. 1.

21. Plaintiffs had still failed to produce the Gorman Advance Documents by the date of the August 13, 2004 status conference. At that status conference, the Court recognized that the Gorman Las Vegas loan documents were "relevant" to the lawsuit, and counsel for Plaintiffs represented to the Court that Plaintiffs would produce the documents. Exhibit G, pp. 9-10.

22. By August 23, 2004, Plaintiffs had still failed to produce the Gorman Advance Documents. In his August 23, 2004 e-mail to Mr. Bay, Mr. O'Hara stated, "I should be able to get you the documents on the Gorman advance in the next day or 2." Exhibit H. Plaintiffs postponed this date yet again, however, and by the date of the September 17, 2004 letter to Mr. O'Hara and Mr. Roche, Mr. Bay confirmed that Mr. Roche had represented to him that the Gorman Las Vegas loan documents would be produced "immediately" and that Mr. Roche was "working on obtaining all the Las Vegas documents." Exhibit I, p. 4.

23. Plaintiffs had still failed to produce the documents when counsel for all parties appeared at the status conference one week later. At the September 24, 2004 status conference, the Court ordered that the Gorman Las Vegas loan documents, along with other outstanding discovery, be produced within seven days, by October 1, 2004. Exhibit J, pp. 4-5; *see also* Exhibit K. Despite the Court's order, as of the date of this motion, Plaintiffs have failed to produce any of the Gorman Las Vegas loan documents or even identify the lender. This has prevented Chrysler Financial from subpoenaing documents from the Las Vegas lender for use at Mr. Gorman's deposition.

### IV. Request for Sanctions

24. Chrysler Financial moves the Court for sanctions based upon Plaintiffs' continued and complete failure to respond to the discovery requests described herein. Plaintiffs have failed to answer the Second Set of Interrogatories and have failed to produce the Gorman Las Vegas loan documents. Plaintiffs have failed to do so in direct violation of the Court's September 24, 2004 Order, which directed that "all outstanding discovery requests" be answered by Plaintiffs by October 1.

25. The document served by Plaintiffs on October 1, 2004 in response to the Second Set of Interrogatories does not constitute a response to those interrogatories. The Second Set of Interrogatories requested that Plaintiffs provide the amount they are claiming as damages, a demonstration of how that amount was calculated, and a description of the evidence cited in support of that calculation. Plaintiffs' purported "response" provides none of this information and instead, for the most part, only recites *verbatim* allegations from the Complaint about Chrysler Financial's conduct.

26. Counsel for Chrysler Financial discussed these issues again with counsel for Plaintiffs on October 4, 2004. Again the Gorman Las Vegas Loan Documents were promised but still have not been received. Plaintiffs' counsel acknowledged the need to provide an updated answer to the damages interrogatories, but indicated it would not be forthcoming until after Gorman's deposition, at the earliest.

27. The deposition of Gerald Gorman, Plaintiffs' primary witness in the case, is scheduled to proceed on October 7-8. Without a description of Plaintiffs' alleged damages or how those damages were calculated, Chrysler Financial will be unable to ask Mr. Gorman questions about Plaintiffs' damages and will thereby be prejudiced by Plaintiffs' failure to answer. Similarly, without the Gorman Las Vegas loan documents, Chrysler Financial will be unable to ask Mr. Gorman further questions about these important topics.

28. Plaintiffs' failure to provide the discovery responses and documents discussed herein warrants sanctions of the most serious degree. Plaintiffs' responses to the Second Set of Interrogatories have been due since early July, and the documents discussed herein were requested before that. Chrysler Financial has repeatedly allowed Plaintiffs to extend deadlines and has given Plaintiffs more time to respond. Further, Chrysler Financial has already raised the issue of Plaintiffs' delay concerning these responses at two status conferences. Even after having many months to serve responses and produce the documents, Plaintiffs have ignored the Court's September 24 order requiring responses to all outstanding discovery requests by October 1.

29. In particular, the Court should strike all of Plaintiffs' allegations concerning damages. Plaintiffs have, for many months now, refused to provide substantive answers to Chrysler Financial's interrogatories concerning damages. Plaintiffs continue to refuse to so

much as give a dollar amount for their damages, much less an explanation of how those damages were calculated or what evidence supports those calculations. Chrysler Financial cannot proceed with discovery or depositions without this information, which is routinely exchanged during discovery. Because of Plaintiffs' continued failure to provide this information about their alleged damages, this Court should strike all of Plaintiffs' allegations concerning damages and should refuse to permit Plaintiffs to plead any damages in this lawsuit.

30. In addition, because of Plaintiffs' continued refusal to respond to discovery, even after having been ordered to do so by the Court, the Court should strike Plaintiffs' Complaint and/or order Plaintiffs to reimburse Chrysler Financial for its attorneys' fees and expenses in seeking the discovery at issue.

Respectfully submitted,

_____
Martin P. Greene
Eileen M. Letts
GREENE AND LETTS
111 West Washington Street, Suite 1650
Chicago, Illinois 60602
312-346-1100
FAX 312-346-4571


William R. Bay
Francis X. Buckley, Jr.
Jeffrey R. Fink
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7010


Attorneys for Defendant
DaimlerChrysler Services North America LLC

*See Case File for Exhibits*